# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CR-109-22 |
| | ) | |
| ALEX GUERRERO | ) | |

## OPINION AND ORDER

The Defendant, Alex Guerrero, has filed a "Motion to Reduce Sentence, Pursuant to *Hughes v. United States* (Decided June 4, 2018), and 18 U.S.C. § 3582(c)" [ECF No. 1453]. For the reasons set forth herein, the Court DENIES the Defendant's Motion.

The Defendant argues that he was previously denied the benefit of a retroactive reduction in his Guideline sentence due to the Court's interpretation of § 3582(c)'s application to binding plea agreements. According to the Defendant, "[u]nder the Supreme Court's most recent decision, overruling the *Freeman* [*v. United* States, 564 U.S. 522 (2011)] concurrence, and finding that even those individuals with [Rule] 11(c)(1)[(C)] agreements may be eligible for a reduction in sentence when a change in the law reduces their sentencing guidelines, [the Defendant] is eligible for a reduction in his sentence pursuant to Title 18, United States Code, Section 358[2](c)." (Mot. 1, citing *Hughes v. United States*, 138 S. Ct. 1765 (2018).)

There are limited grounds to revisit a sentence after it is imposed. *See United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Rule 35 allows adjustment of a sentence in three circumstances only: the judge may correct arithmetical, technical or other clear errors within seven days; the judge may correct a sentence on remand following an appeal; and the judge may reduce a sentence on a prosecutor's motion to reward substantial assistance that occurs after the date of sentencing. *United States v. Zingsheim*, 384 F.3d 867, 871 (7th Cir. 2004). 18 U.S.C. §

3582 also defines the circumstances under which district courts may modify sentences and otherwise prohibits district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). The exception in § 3582(c)(2) provides that "[i]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

The Defendant invokes § 3582(c) and predicates his Motion on the assertion that he entered into a plea agreement that is similar to a "Type-C" agreement, *see* Fed. R. Crim. P. 11(c)(1)(C), because the parties agreed upon a particular sentence in return for the Defendant's substantial assistance. The recommendations in the Defendant's Plea Agreement [ECF No. 501] were nonbinding on the Court. *See* Fed. R. Civ. P. 11(c)(1)(B). Paragraph 8 begins, "The United States of America and I have also entered into the following agreements which are not binding upon the Court, . . ." (Plea Agr. 8, ECF No. 501.) During the change of plea hearing, the Court confirmed with the Defendant that he understood that the Court would ultimately decide his sentence and that neither the Government's recommendations nor the Guidelines were binding. (Tr. for Aug. 2, 2012, Change of Plea Hr'g, ECF No. 1114 at 26–31). This included clear notification that the Government's recommendation that the Defendant be sentenced to a term of imprisonment of 228 months was not binding on the Court. (*Id.* at 30–31).

Accordingly, the holding in *Hughes*, that a defendant whose sentence was imposed pursuant to a binding agreement may seek a reduction when the Guidelines range is amended, has no bearing in this case. In any event, the Defendant was already denied a reduction under 18

U.S.C. § 3582(c)(2) for Guideline Amendment 782, not because of any application or interpretation of his plea agreement, but because his sentencing range was not subsequently lowered. (10/27/15 Order, ECF No. 1262.) The Defendant claims that this decision was based on a miscalculation of the Guidelines. However, the time for appealing that decision has passed, and a successive motion under § 3582(c)(2) has no validity. *See United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014) (noting that once a court decides a § 3582(c) motion for reduction of sentence related to a Guideline amendment, "Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive") (quoting *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011)). The Defendant is not statutorily eligible for a sentence reduction.

Although not mentioned in the title of his Motion, the Defendant asserts in the final paragraph of his Motion that the First Step Act, and the retroactive application of the Fair Sentencing Act, applies. Section 404 of the First Step Act permits a court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses. *See* First Step Act, § 404(a); *see also Dorsey v. United States*, 567 U.S. 260, 269 (2012) (noting that the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum").

The Fair Sentencing Act does not apply to any of the Defendant's offenses: conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962; conspiracy to possess with intent to distribute and distribute cocaine and marijuana in violation of 21 U.S.C. § 846; interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951; and using and carrying a firearm during and in relation to crimes of violence and drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A).

## CONCLUSION

For the reason stated, the Defendant's Motion [ECF No. 1453] is DENIED.

SO ORDERED on March 27, 2019.

     s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT