**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:10-CR-109-22-TLS |
| ALEX GUERRERO | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's supplemental Motion to Reduce Sentence, Pursuant to Amendment 782 to the Sentencing Guidelines and 18 U.S.C. 3582(c) [ECF No. 1494]. The Government has filed a response [ECF No. 1495]. The Defendant has filed no reply, and the time to do so has passed. The Government requests that the Court grant the Defendant's motion and modify the Defendant's sentence on Counts 1, 2, and 14 to 135 months of imprisonment with an unaltered consecutive sentence of 60 months imprisonment on Count 15, for a total sentence of 195 months. For the reasons set forth below, the Court GRANTS IN PART the Defendant's Motion.

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). However, the statute provides an exception applicable here:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the

policy statements issued by the Commission"). A reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with the applicable policy statement if an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. 1(A).

The Defendant pled guilty to four counts, one of which was conspiracy to possess with intent to distribute drugs. *See* Order, ECF No. 1262. At sentencing in 2013, the Court reduced the Defendant's total offense level by eight levels, six based on the Government's motion and two for other factors. *Id*. In 2015, after the Sentencing Commission approved Amendment 782, which reduced by 2 levels the base offense levels assigned to drug quantities, the Court first considered reducing the Defendant's sentence. *Id.* However, the Court concluded that, because the two-level reduction for other factors further reduced the Defendant's sentence below the guidelines range, Amendment 782 did not benefit the Defendant. *Id.* Eventually, the Seventh Circuit reviewed that decision, and disagreed, holding that the Defendant was eligible for a reduction, and remanded so that the Court could consider the application of Amendment 782 to the Defendant's sentence. *See United States v. Guerrero*, 946 F.3d 983, 990 (7th Cir. 2020). Following remand, a Revised Presentence Report [ECF No. 1492] was filed by the United States Probation Office.

In accordance with the Seventh Circuit's decision, the parties cite Amendment 782 to the Sentencing Guidelines, which reduced by 2 levels the base offense levels assigned to drug quantities in § 2D1.1. Originally, for Counts 1, 2, and 14, which include the conspiracy to possess with intent to distribute count, the Defendant had a base offense level of 38 and a total

offense level of 43. *See* Order, ECF No. 1262; Final Presentence Report ¶ 51, ECF No. 699. The Revised Presentence Report now begins with a base offense level of 36, in accordance with Amendment 782. *See* Revised Presentence Report ¶ 51, ECF No. 1492. As in the original Presentence Report, the Defendant then received a two-level enhancement for physically restraining a victim in the course of the offense, pursuant to U.S.S.G. § 3A.1.3; a two-level enhancement for abusing a position of public trust in a manner that significantly facilitated the commission or concealment of the offense, pursuant to § 3B1.3, and a four-level enhancement for use of body armor during the commission of the offense, pursuant to § 3B1.5. *Id.* After applying a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and (b), the Defendant's new total offense level is 41. *Id.* The Government agrees with this calculation.

In contrast, the Defendant's Motion states the total offense level as 39 based on reporting the four-level enhancement under § 3B1.5 as a two-level enhancement. *See* Def.'s Mot. 1 n.1, ECF No. 1494. However, the enhancement has always been four levels, *see* Final Presentence Report ¶ 51, ECF No. 699, and in the plea agreement the Defendant agreed that he used body armor "during the commission of the offense," properly qualifying him for a four-level, and not a two-level, reduction pursuant to § 3B1.5(2)(B), *see* Plea Agreement ¶ 8(f). This discrepancy accounts for the difference between the Defendant's and the Government's calculations of the Defendant's new total offense level (41 and 39, respectively); the Defendant's Motion is otherwise agreed to by the Government.

The Court agrees with the parties. Consistent with the original sentencing decision, the Court grants a total reduction of eight levels, comprised of a six-level reduction in accordance with the Government's original motion and a two-level reduction for other factors, which results in an offense level of 33. Thus, the Defendant's motion is granted as to the total reduction of

eight levels but is denied as to its calculations of the final offense level. The new guidelines range for Counts 1, 2, and 14 based on an offense level of 33 and the Defendant's criminal history category of I is 135 to 168 months of imprisonment.

The Revised Presentence Report provided by the United States Probation Office does not identify any public safety factors that would adversely impact the Court's decision. The Court has considered the Defendant's offense of conviction, the kinds of sentences available, that the Defendant has not had any disciplinary sanctions while in the Bureau of Prisons, and the Defendant's participation in several educational courses. Having now considered the supplemental Motion, the Government's response, and the sentencing factors of § 3553(a), the Court reduces the Defendant's sentence on Counts 1, 2, and 14 to 135 months of imprisonment. The sentence on Count 15 remains a consecutive term of 60 months of imprisonment, with a resulting total sentence on all counts of 195 months of imprisonment. The Bureau of Prisons is responsible for the calculation of good time credits and release date.

## CONCLUSION

Based on the above, the Court hereby ORDERS that:

1. The Defendant's Motion to Reduce Sentence, Pursuant to Amendment 782 to the Sentencing Guidelines and 18 U.S.C. 3582(c) [ECF No. 1494] is GRANTED IN PART as described herein;

2. An Amended Judgment be entered reducing the Defendant's sentence on Counts 1, 2, and 14 to 135 months;

3. The provisions of the Defendant's Judgment of January 15, 2013 [ECF No. 743], shall otherwise remain unchanged;

4. This Opinion and Order, as well as the Amended Judgment, be provided to the Bureau of Prisons.

SO ORDERED on February 12, 2021.

                                        s/ Theresa L. Springmann  
                                        JUDGE THERESA L. SPRINGMANN  
                                        UNITED STATES DISTRICT COURT